# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| v. | * Case No.: RWT 10cr32 |
| **JANICE M. HUNTER** | * |

## MEMORANDUM OPINION

Pursuant to Fed. R. Crim. P. 58(g)(2)(B) and L.R. 302.1, Appellant Janice M. Hunter challenges the judgment of conviction entered by United States Magistrate Judge Thomas M. DiGirolamo after a trial conducted on January 13, 2010. For the reasons set for the below, the conviction shall be affirmed.

## BACKGROUND

On October 30, 2009, Officer Billy Graves of the Federal Protective Service issued Appellant a ticket for operating a motor vehicle at a speed greater than reasonable on a portion of Powder Mill Road under the jurisdiction of the United States.

On January 13, 2010, Appellant pled not guilty and went to trial before Magistrate Judge DiGirolamo. After hearing testimony, Magistrate Judge DiGirolamo found Appellant guilty and imposed a fine and costs totaling $115. Appellant filed a letter with this Court on January 27, 2010 appealing her conviction, *see* Paper No. 1, and filed an Amended Response on April 1, 2010, *see* Paper No. 5.

## STANDARD OF REVIEW AND SCOPE OF APPEAL

A defendant is not entitled to a trial *de novo* by the district judge. Fed. R. Crim. P. 58(g)(2)(D). The record is limited to the original papers and exhibits in the case, any transcript or recording of the proceedings, and a certified copy of the docket entries. Fed. R. Crim. P.

58(g)(2)(C). The district court reviews findings of fact for clear error and conclusions of law *de novo*. *United States v. Bursey*, 416 F.3d 301, 306 (4th Cir. 2005). In determining whether sufficient evidence exists to permit the trier-of-fact to find the defendant guilty beyond a reasonable doubt, the district court views all evidence in the light most favorable to the Government. *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Haynesworth*, 743 F. Supp. 388, 391 (D. Md. 1990). The court may not re-weigh the evidence or reconsider the credibility of witnesses. *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997).

## ANALYSIS

Appellant challenges the legal sufficiency of the evidence to sustain her conviction. She includes in her letters and exhibits filed with this Court information which cannot be considered on appeal because it was not before Magistrate Judge DiGirolamo. *See* Fed. R. Crim. P. 58(g)(2)(D)-(C). As it must, the Court bases its decision only on the audio recording of the trial and the original papers and exhibits in the case.

At trial, Officer Graves testified that on October 30, 2009, while in a marked police cruiser, he followed Appellant's vehicle on Powder Mill Road and observed Appellant traveling at 50 to 52 miles an hour in a posted 35 mile-per-hour zone. Officer Graves testified that he "paced" Appellant's vehicle for approximately one mile[1] and determined her rate of speed based on the speedometer in his vehicle.

Appellant also testified at trial. She stated that she was not speeding, that she was surprised when she was pulled over, and that Officer Graves made an error. She presented no exhibits or other witness testimony.

---

[1] Officer Graves stated that he followed Appellant's vehicle for more than one mile but "paced" her vehicle for only one mile.

There is clearly sufficient evidence to permit the trier-of-fact to find Appellant guilty beyond a reasonable doubt. Magistrate Judge DiGirolamo evaluated the credibility of Officer Graves and Appellant, and concluded that the Government had met its burden. The Court finds no clear error of fact.

Accordingly, the Court, by separate Order, will dismiss this appeal.


<u>June 4, 2010</u>                             <u>          /s/          </u>
Date                                           Roger W. Titus
                                                United States District Judge